UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JORDAIN BRASSEAUX					CIVIL ACTION NO. 6:21-cv-00109

VERSUS							JUDGE HICKS

MONCLA MARINE OPERATIONS			MAGISTRATE JUDGE HANNA
L.L.C., ET AL.

**REPORT AND RECOMMENDATION**

Currently pending is the motion for abstention and to stay further proceedings (Rec. Doc. 17), which was filed by the defendants, Moncla Marine, L.L.C. (now known as Shallow Water Workover & Drilling, L.L.C.) and Moncla Marine Operations, L.L.C. (now known as Shallow Water Workover & Drilling Operations, LLC), collectively referred to hereinafter as "Moncla." The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted and this lawsuit should be dismissed.

**Background**

The plaintiff, Jordain Brasseaux, was allegedly injured in a workplace accident on May 2, 2012 (almost ten years ago), while working on board the vessel, Barge Rig 117, in the navigable waterways of West Cote Blanche Bay in St. Mary

Parish, Louisiana.  On August 30, 2012 (three months after the accident and almost ten years ago), Mr. Brasseaux signed a release of all claims arising from that incident,[1] and a transcript of his execution of the release was created.[2]

On February 11, 2015 (seven years ago), however, Mr. Brasseaux filed suit in Louisiana state court,[3] seeking to recover for his claimed injuries.  He alleged that he was a seaman and a member of a vessel's crew when he was injured, and he asserted claims under the Jones Act and the General Maritime Law.  Mr. Brasseaux sued Moncla Marine, LLC; Moncla Marine Operations LLC; Gulfport Energy Corporation; Pro-T Company, Inc; and ABC Insurance Company.  The Moncla entities, Gulfport, and Pro-T answered the petition.[4]  Mr. Brasseaux then filed an amended complaint, adding claims against Robert L. Judge and RL Judge & Associates, L.L.C., alleging that Mr. Judge coerced Mr. Brasseaux into signing a release of his claims.[5]  In July 2020, the claims against Mr. Judge and his company were dismissed.[6]

---

[1]    Rec. Docs. 1-1, 17-3 at 38-44.

[2]    Rec. Docs. 1-2, 17-2 at 46-73.

[3]    Rec. Doc. 17-3 at 1-4.

[4]    Rec. Doc. 17-3 at 5-22.

[5]    Rec. Doc. 17-3 at 23-25.

[6]    Rec. Doc. 17-3 at 26-27.

On January 15, 2021 – almost nine years after the incident occurred and almost six years after the state-court lawsuit was filed – Mr. Brasseaux filed a complaint in federal court, initiating this lawsuit. In the new suit, he sought to invalidate the release and to recover damages Moncla, including but not limited to maintenance and cure. But he did not assert claims against Gulfport or Pro-T.

Moncla now urges this court to abstain from exercising jurisdiction over this lawsuit and stay this matter pending resolution of the related state court proceeding.

## Law and Analysis

There is no dispute that this court has subject-matter jurisdiction over this lawsuit since state courts and federal court have concurrent jurisdiction over most admiralty and maritime claims, including personal injury claims asserted by Jones Act seamen.[7] Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[8] Accordingly, the mere "pendency of an action in the state court is typically no bar to proceedings concerning the same matter in the

---

[7] 28 U.S.C. § 1333; *American Dredging Co. v. Miller*, 510 U.S. 443, 445 (1994); *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 723 (5th Cir. 1996).

[8] *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citing *Colorado River Conservation District v. United States*, 424 U.S. 800, 817 (1976)).

federal court having jurisdiction."[9] In "extraordinary and narrow" circumstances,[10] however, a district court may abstain from exercising its jurisdiction, but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[11] In its discretion, a federal court may abstain or stay the exercise of its jurisdiction, in the interest of wise judicial administration, when parallel proceedings are pending in different forums. This concept rests on the ideas of federalism, comity, and conservation of judicial resources.[12]

Moncla argued that the court should abstain from exercising jurisdiction over this case and stay it pending the resolution of the related state-court action. When a suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the abstention standard articulated in *Colorado River Water Conservation District v. United States*[13] applies.[14] In this case, Mr. Brasseaux seeks

---

[9] *Transocean Offshore v. Catrette*, 239 Fed. App'x 9, 11 (5th Cir. 2007) (citing *Colorado River v. United States*, 424 U.S. at 817).

[10] *Black Sea v. United Heritage Corp.*, 204 F.3d at 650 (quoting *Colorado River v. United States*, 424 U.S. at 813).

[11] *Colorado River v. United States*, 424 U.S. at 813.

[12] *Black Sea v. United Heritage Corp.*, 204 F.3d at 650 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988)).

[13] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

[14] *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).

both declaratory relief and the recovery of damages. Therefore, Moncla's request for abstention should be analyzed under the *Colorado River* abstention doctrine.

Abstention under this doctrine may be considered only when related federal and state cases are parallel, which generally means that the actions involve the same parties and issues.[15] If the state and federal cases are parallel, the court must determine if exceptional circumstances[16] warrant abstention by applying six relevant factors: (1) assumption by either court of jurisdiction over a res, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[17] No single factor is determinative,[18] and the factors should not be applied mechanically; instead, they should be carefully balanced on a case-by-case basis,

---

[15] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014); *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[16] *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) (citing *Colorado River v. United States*, 424 U.S. at 818).

[17] See, e.g., *African Methodist Episcopal Church v. Lucien*, 756 F.3d at 798; *Stewart v. Western Heritage*, 438 F.3d at 491; *Black Sea v. United Heritage Corp.*, 204 F.3d at 650.

[18] *Nationstar Mortgage, LLC v. Knox*, 351 Fed. App'x 844, 851 (5th Cir. 2009) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15 (1983)).

5

with the balance heavily weighted in favor of the exercise of jurisdiction by the federal court.[19]

In evaluating whether suits are parallel, the Fifth Circuit does not insist on a precise identity of parties, stating that "there need not be applied in every instance a mincing insistence on precise identities."[20] Thus, suits may be parallel "while not absolutely symmetrical" but consisting of "substantially the same parties litigating substantially the same issues."[21] Suits may be parallel when "those named as parties in the two actions are not precisely identical, but the record is clear that there are only two sides in this dispute."[22]

In this case, Mr. Brasseaux first filed a lawsuit against Moncla and others in Louisiana state court, alleging that the defendants were liable for causing Mr. Brasseaux's injuries and seeking to recover damages from them. In the amended complaint filed in the state-court suit, Mr. Brasseaux further alleged that the release of his claims against Moncla and the other defendants was coerced, and he sought to have the release invalidated. In this federal-court lawsuit, Mr. Brasseaux asserted

---

[19] *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. at 16).

[20] *RepublicBank Dallas v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

[21] *Kenner Acquisitions, L.L.C. v. BellSouth Telecommunications, Inc.*, No. 06–3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007).

[22] *African Methodist Episcopal Church v. Lucien*, 756 F.3d at 798.

claims only against Moncla, omitting the claims against the two other defendants he named in the state-court suit. But he similarly sought to persuade the court that his release was coerced, that Moncla caused his injuries, and that Moncla should pay damages. Thus, the state-court petition and the federal-court complaint are not identical, but they are very similar. The same factual scenario underlies both lawsuits. Additionally, the same substantive issues lie at the heart of both lawsuits: who is liable for Mr. Brasseaux's alleged injuries and consequently owes him damages and whether Mr. Brasseaux's settlement of his claim against Moncla was coerced and should therefore be invalidated. Accordingly, this Court finds that the two lawsuits are sufficiently similar to be deemed parallel, making it necessary to analyze the six factors relevant to *Colorado River* abstention.

The first factor that must be considered is the assumption by either court of jurisdiction over a res. The term "res" is defined as an "object, interest, or status, as opposed to a person."[23] A court has been found to have taken control over a res when funds were deposited into the registry of the court[24] and when a plaintiff sought a declaration that it was the owner of certain immovable property despite a

---

[23] Black's Law Dictionary, Ninth Edition at 1420.

[24] See, e.g., *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 463 (5th Cir. 2012); *Gilchrist Const. Co. LLC v. Davis*, No. 1:09-CV-01420, 2010 WL 3456977, at *8 (W.D. La. Aug. 27, 2010).

7

competing claim by another.[25] Here, neither the state court nor the federal court has taken control over a res. Consequently, the first factor weighs against abstention.[26]

The second factor is the relative inconvenience of the forums, which "primarily involves the physical proximity of the federal forum to the evidence and witnesses."[27] When courts are in the same geographic location or in approximately the same location within a state, the inconvenience factor weighs against abstention.[28] Here, the state-court suit is pending in Franklin, Louisiana, the seat of St. Mary Parish, and the federal-court suit is pending in Lafayette, Louisiana. The distance between the two cities is approximately 45 miles. Moncla argued that Franklin is a more convenient location because the accident occurred in St. Mary Parish and the state-court venue is "more convenient for the parties, witnesses, and evidence."[29] Although there is at least one case holding that the eighty-mile distance between Baton Rouge and New Orleans meant that they were in "the same

---

[25] See, e.g., *Key v. Wise*, 629 F.2d 1049, 1059–60 (5th Cir. 1980); *Turner v. Pavlicek*, No. H-10-00749, 2011 WL 4458757, at *6 (S.D. Tex. Sept. 22, 2011).

[26] See, e.g., *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1191.

[27] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1191.

[28] See, e.g., *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d at 463 (5th Cir. 2012); *Stewart v. Western Heritage Ins. Co.*, 438 F.3d at 492; *Black Sea v. United Heritage Corp.*, 204 F.3d at 650.

[29] Rec. Doc. 17-2 at 10.

geographic location for all practical purposes,"[30] this Court notes that Mr. Brasseaux originally decided to file suit in Franklin rather than in Lafayette. It must be presumed that he was not daunted by any geographical inconvenience presented by trying the case in Franklin since he selected that forum at the outset of the litigation. Indeed, Mr. Brasseaux did not argue that either Franklin or Lafayette is more geographically convenient. Instead, he argued that it would be more convenient to try the case in federal court in Lafayette because he could designate the case under Fed. R. Civ. P. 9(h) and require that the case be tried without a jury regardless of whether the defendants would prefer a jury trial. Mr. Brasseaux identified no cases finding that the presence or absence of a jury was to be considered when evaluating this factor. For that reason, this Court finds that the plaintiff's ability to prevent the defendants from having a jury trial is not relevant to this *Colorado River* factor. Instead, the availability of a jury trial in state court should have been considered by Mr. Brasseaux when he filed suit there ten years ago rather than more recently when he filed suit in federal court. Therefore, this factor is neutral.

The third factor is the avoidance of piecemeal litigation. The pendency of an action in state court does not bar a federal court from considering the same matter,[31] and avoiding duplicative litigation is not the goal of the *Colorado River* abstention

---

[30]     *Aptim Corporation v. McCall*, 888 F.3d 129, 136-137 (5th Cir. 2018).

[31]     *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002).

doctrine.[32] "This factor weighs in favor of abstention when 'the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially.'"[33] Typically, this factor weighs in favor of abstention only when parallel lawsuits pose a risk of inconsistent outcomes that cannot be not prevented by applying principles of res judicata and collateral estoppel.[34] The "classic example" arises when the suits include different defendants and one suit may resolve a single defendant's liability,[35] which is the precise situation presented here.

Moncla argued that because the state-court action involves two additional parties who were not sued in the federal-court action, the resolution of the federal-court suit would leave unresolved claims that could be decided by the state court. Mr. Brasseaux argued that he should be permitted to have his maintenance and cure issue decided separately from the other issues raised in the state-court case and further argued that a federal court should decide that issue. Mr. Brasseaux's argument actually supports abstention. "If the state court action is able to resolve all

---

[32] *Black Sea v. United Heritage Corp.*, 204 F.3d at 650 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1192).

[33] *Expedi, Inc. v. Rebound International, LLC*, No. 4:20-CV-3897, 2021 WL 3702169, at *4 (S.D. Tex. May 14, 2021) (quoting *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d at 464).

[34] *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d at 464.

[35] *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d at 464.

of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention."[36]

Mr. Brasseaux asserted a maintenance and cure claim in his state-court lawsuit, and he asserted a maintenance and cure claim in his federal-court lawsuit. Louisiana courts can and do adjudicate maintenance and cure claims.[37] But Mr. Brasseaux is now seeking to have the federal court adjudicate his maintenance and cure claim separately from the other claims he asserted. Therefore, he is seeking to have that which the *Colorado River* abstention doctrine precludes. He is seeking to have the federal court resolve only some – but not all – of the claims he asserted. Since all of the claims asserted could be resolved in the state-court action, but Mr. Brasseaux would have the federal court resolve only some of the claims, this factor weighs in favor of abstention.

The fourth factor is the order in which jurisdiction was obtained by the two forums. In evaluating this factor, the focus must be placed not on which suit was

---

[36] *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d at 464.

[37] See, e.g., *Rousse v. United Tugs, Inc.*, 2017-0585 (La. App. 4 Cir. 12/20/17), 234 So.3d 1179; *Stermer v. Archer-Daniels-Midland Co.*, 2015-811 (La. App. 3 Cir. 02/24/16), 186 So.3d 319, writ denied, 206 So.3d 880 (La. 05/02/2016); *Cooper v. Bouchard Transp.*, 2012-0868 (La. App. 4 Cir. 03/27/13), 140 So.3d 1, 8, writ denied, 118 So.3d 401 (La. 05/31/2013); *Jones v. Howard McCall, Inc.*, 2012-558 (La. App. 3 Cir. 11/7/2012), 105 So.3d 810; *Graham v. Offshore Specialty Fabricators, Inc.*, 2009-0117 (La. App. 1 Cir. 01/08/10), 37 So.3d 1002, 1008 n. 4; *Cotton v. Delta Queen Steamboat Co., Inc.*, 2009-0736 (La. App. 4 Cir. 01/06/10), 36 So.3d 262.

filed first but on how much substantive progress has been made in each of the two lawsuits.[38] Here, the state-court case was filed approximately six years before the federal-court action was initiated. Discovery and extensive motion practice, including a trip to the Louisiana Supreme Court, have taken place in the state-court suit, while the federal-court suit remains in its infancy. Trial dates have been fixed in the state-court suit more than once, while no trial date has yet been set in the federal-court suit. Motions for summary judgment have been decided in the state court action. Although the Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint,"[39] that suggestion is not a bright-line rule. More important, when little substantive progress has been made on the merits of the case in state court,[40] or when the suits are proceeding at the same pace,[41] this factor weighs against abstention, but when more substantive progress has been made in the state-court action, this factor

---

[38] *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 492; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d at 738.

[39] *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 493; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d at 738.

[40] See *Southern Tire Mart, LLC v. Gutierrez*, No. MO:21-MC-00022-DC, 2021 WL 6750914, at *5 (W.D. Tex. Oct. 12, 2021)Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 651 (5th Cir. 2000).

[41] *Black Sea v. United Heritage Corp.*, 204 F.3d at 651.

12

weighs in favor of abstention.[42] In this case, the state-court suit has progressed much more than this suit has with regard to the substantive merits of the case. Discovery disputes were adjudicated, motions for summary judgment were filed and decided, appeals were taken to the state appellate courts, and trial dates were set. But this federal-court lawsuit has not progressed very much at all. A suggestion of bankruptcy, followed by a disputed motion to lift the bankruptcy stay, followed by the instant motion to abstain have prevented any substantive progress from being made. Certainly no progress has been made in this court with regard to the merits of the claims asserted by the parties, and there currently is no trial fixing. Therefore, this factor favors abstention.

The fifth factor requires an evaluation of the extent to which federal law provides the rules of decision on the merits. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender,"[43] but the presence of state law issues weighs in favor of abstention only in rare circumstances.[44] Here, the substantive issues to be decided will be governed by federal law. Admiralty claims may be brought in federal court pursuant to its

---

[42] See *Art 57 Properties v. 57 BB Property*, No. 99-10385, 2000 WL 423440, at *1 (5th Cir. 2000) (per curiam).

[43] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).

[44] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 25.

admiralty jurisdiction or in state court under the savings to suitors clause and in either case, federal substantive maritime law applies.[45] Because state courts have concurrent jurisdiction with federal courts over Jones Act and General Maritime Law claims and Louisiana courts – particularly those in south Louisiana's coastal parishes – have extensive experience with interpreting and applying this subset of federal law, Mr. Brasseaux will not be prejudiced by having a state court rather than a federal court resolve his case. Notably, Mr. Brasseaux originally selected a state court to hear his case, when he could have selected a federal court. He should not be able to change that decision after the state court has already spent several years adjudicating his claims. Therefore, this factor is neutral.

The final factor is the adequacy of the state-court proceedings in protecting the rights of the party invoking federal jurisdiction. The Fifth Circuit has held that this factor cannot weigh in favor of abstention; to the contrary, it can only be neutral or weigh against abstention.[46] Neither Mr. Brasseaux nor Moncla argued that the state court cannot adequately adjudicate the case. Furthermore, "[a] party who could find adequate protection in state court is not thereby deprived of its right to the

---

[45] *Thomas v. Department of Wildlife & Fisheries*, 2018-0869 (La. App. 1 Cir. 10/02/19), 289 So.3d 579, 587.

[46] *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d at 465; *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 493.

14

federal forum, and may still pursue the action there since there is no ban on parallel proceedings."[47] Thus, in this case, the sixth factor is neutral.

In summary, two of the six *Colorado River* factors weigh in favor of abstention, one factor weighs against abstention, and three factors are neutral. However, "this court is not to merely mechanically weigh the listed factors but must balance them in an effort to comply with the higher courts' admonitions not to shirk jurisdiction over cases properly before it."[48] Importantly, this case is not an ordinary example of parallel litigation in state and federal court. Inexplicably, the plaintiff originally chose to have his Jones Act and General Maritime Law claims adjudicated in state court but then – several years later – changed his mind and is now seeking relief in a federal forum. This is not a typical scenario. "[I]t is unusual in our abstention jurisprudence to confront a case in which the same side filed both the state and federal actions."[49] In this case, however, Mr. Brasseaux selected the state-court forum, litigated his claims for six years, conducted discovery and extensive motion practice up to and including litigation in the district court, the appellate court, and

---

[47] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1193.

[48] *Channel Control Merchants, LLC v. Davis*, No. 2:11cv21KS-MTP, 2011 WL 1356937, *8 (S.D. Miss. Apr. 11, 2011). See, also, *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. at 16.

[49] *Aptim Co. v. McCall*, 888 F.3d at 137.

the Louisiana Supreme Court. Then, Mr. Brasseaux abruptly filed very similar claims (although not against all of the state-court defendants) in this forum. In response to the motion to abstain, Mr. Brasseaux argued that only some of his claims should be adjudicated in this forum. Therefore, after carefully analyzing and balancing the relevant factors, this Court's conclusion is that Moncla has demonstrated that exceptional circumstances exist, warranting this court's decision to recommend that the court decline to exercise jurisdiction over this case.

This decision is buttressed by a finding that Mr. Brasseaux's actions constitute forum shopping. After choosing a state-court forum, Mr. Brasseaux now wants to prevent the defendants from having a jury trial and wants to have his maintenance and cure claim severed from the other claims he asserted. This is the type of "vexatious or reactive" conduct that can influence a court's decision to defer to parallel state-court litigation under *Colorado River*.[50] "Judicial efficiency is not well served when litigants take their issues to state court, engage in lengthy motions practice, participate in hearings," and then reassert their claims in a federal forum.[51] Forum shopping alone generally is not a sufficient basis to apply *Colorado River*

---

[50] See *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 17 n. 20.

[51] *Vertical Holdings, LLC v. LocatorX, Inc.*, No. 3:20-CV-2770-N, 2021 WL 268822, at *4 (N.D. Tex. Jan. 27, 2021).

16

abstention.[52] But when Mr. Brasseaux's attempt at forum shopping is combined with this Court's analysis of the six factors discussed above, this Court is convinced that exceptional circumstances required for declining to exercise jurisdiction under the *Colorado River* abstention doctrine are present. Accordingly, a careful balancing of the relevant factors leads this Court to conclude that abstention under the reasoning of *Colorado River* is warranted in light of the arguments presented by the parties in this case.

Finally, Moncla argued that, if this Court were to abstain, it should stay this matter pending resolution of the parallel state-court action. There are some situations in which it would be both practical and logical for a court to do so. For example, if this court were called upon to decide an insurance coverage issue concerning a matter being litigated in state court, the best course of action might be for this court to stay the federal-court action until after the state-court action had been decided and then take up the remaining issue. In this case, however, the issues raised in this lawsuit were also raised in the state-court suit, and resolution of the state-court action will leave nothing for this court to decide. Accordingly, a stay of these proceedings would be meaningless. Instead, this Court will recommend that

---

[52] *Weems v. New Orleans Pub. Belt R.R. Comm'n*, No. 13-591, 2013 WL 3833057, at *2 (E.D. La. July 23, 2013). See, also, *Welding Techs. v. James Mach. Works, LLC*, No. 3:12-CV-336, 2013 WL 1123852, at *5 n. 2 (S.D. Tex. Mar. 18, 2013)

the court should decline to exercise jurisdiction over this this action and should dismiss it without prejudice.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Moncla's motion to abstain (Rec. Doc. 17) should be GRANTED and this lawsuit should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[53]

---

[53]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, this 22nd day of March 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE